UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF LANSING,

    Plaintiff,

v

STARR INDEMNITY & LIABILITY COMPANY,

    Defendant,

and

DEANNA RAY,

    Defendant.

Case No.: _____

Hon. _____

Scott L. Mandel (P33453)
Mark J. Colon (P42001)
Foster Swift Collins & Smith, PC
313 S. Washington Square
Lansing, MI  48933
(517) 371-8185
Attorneys for Plaintiff

Anita G. Fox (P47818)
Ryan K. Kauffman (P65357)
Fraser Trebilcock Davis & Dunlap, P.C.
124 W. Allegan, Suite 1000
Lansing, Michigan 48933
(517) 482-5800
Attorneys for Starr Indemnity & Liability Company

## NOTICE OF REMOVAL OF CIVIL ACTION

PURSUANT TO 28 U.S.C. § 1446, Defendant Starr Indemnity & Liability Company ("Starr") hereby files this Notice of Removal of the above-captioned action from the Ingham County Circuit Court to this United States District Court for the Western District of Michigan. In support of this removal, Defendant Starr states as follows:

1. On or about June 10, 2016, Defendant Starr was served with a Summons and Complaint in an action titled *City of Lansing v Starr Indemnity & Liability Company and Deanna Ray,* Ingham County, Ingham County Circuit Court, Case No. 16-455-CK (the "Circuit Court Action").

2. Copies of all pleadings and papers served on Defendant Starr in the Circuit Court Action are attached hereto as Exhibit 1.

3. Plaintiff is, and at the time of the commencement of this action was, a Michigan municipality located within this judicial district.

4. Defendant is a corporation organized under the laws of the State of Texas with its principal place of business in New York.

5. Plaintiff has also named as a defendant Deanna Ray ("Ray"), who is not a party to the insurance contract, but rather the plaintiff and the representative of a class of homeowners in the underlying suit against the City of Lansing who allege damages as a result of an alleged defect in the City's sewage disposal system, titled *Deanna Ray v City of Lansing,* Ingham County, Ingham Circuit Court Case No. 13-1242-NZ. (the "Underlying Action").

6. As set forth in Defendant Starr's Motion to Drop Fraudulently Joined Party or Alternatively to Realign filed contemporaneously with this Notice of Removal, the City has no colorable claim against Ray for insurance coverage, and she should be dismissed as having been fraudulently joined to destroy diversity. *See Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (To show fraudulent joinder, the removing party must demonstrate that the plaintiff lacks a "colorable cause of action" under state law against the non-diverse defendant); see also *Feller v. Medical Protective Company*, Case No. 13-14193,

2014 WL 414152, (E.D. Mich., Feb. 4, 2004) (holding that the non-diverse defendant was fraudulently joined because the plaintiff failed to assert a claim against that defendant).

7. As further set forth in Starr's Motion, although the caption of the complaint also refers to "all others similarly situated" and asserts that such persons reside in Ingham County, Michigan, the Complaint does not assert any claim for insurance coverage against these persons, nor does it contain any allegations purporting to assert a class action.

8. In the alternative, even if Ray were a proper party, which she is not, she would not be a proper defendant, as it is well-settled that an insurance coverage declaratory judgment action, the parties should be aligned with the insurers on one side, and those seeking coverage on the other. *Markel Ins. Co. of Canada v. Progressive Mich. Ins. Co.*, 2010 WL 5353105, at *2 (W.D. Mich. 2010); *Aetna Cas. & Sur. Co. v. Dow Chem. Co.,* 44 F.Supp.2d 870, 875 (E.D.Mich.1999); *see also United States Fid. and Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1090 (6th Cir.1992)([i]f the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes.")

9. Whether by dismissal for fraudulent joinder or realignment, complete diversity exists between all proper parties

10. Defendant reasonably believes that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiff seeks a declaration that Starr is obligated to indemnify it in connection with the Underlying Action, as well as reimbursement of attorney fees and costs incurred by the City in defending the Underlying Action.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

12. This Notice of Removal is filed with this Court within 30 days after service of the initial Summons and Complaint on Starr. The Circuit Court Action has been pending for less than one year.

13. Based upon the foregoing facts, removal of this action is proper pursuant to 28 U.S.C. § 1446.

WHEREFORE, Defendant Starr Indemnity & Liability Company respectfully requests that this Honorable Court accept jurisdiction of this action subject to any defenses it may otherwise have.

                Respectfully submitted,

                FRASER TREBILCOCK DAVIS & DUNLAP, P.C.

Dated: July 1, 2016     By: /s/ Anita G. Fox
                Anita G. Fox (P47818)
                Ryan K. Kauffman (P65357)
                Fraser Trebilcock Davis & Dunlap, P.C.
                124 W. Allegan, Suite 1000
                Lansing, Michigan 48933
                (517) 482-5800
                Attorneys for Starr Indemnity & Liability Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2016, I served a copy of the Notice of Removal of Civil Action by First Class Mail on the following:

Scott L. Mandel (P33453)
Mark J. Colon (P42001)
Foster Swift Collins & Smith, PC
313 S. Washington Square
Lansing, MI  48933

                /s/Anita G. Fox
                Anita G. Fox (P47818)