UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF LANSING,

        Plaintiff,

v.

STARR INDEMNITY & LIABILITY COMPANY,

        Defendant.

Case No:  16-cv-857

Hon. Paul L. Maloney

---

Scott L. Mandel (P33453)
Mark J. Colon (P42001)
Attorneys for Plaintiff
FOSTER SWIFT COLLINS & SMITH PC
313 S. Washington Square
Lansing, MI  48933-2193
(517) 371-8100

Anita G. Fox (P47818)
Ryan K. Kauffman (P65357)
Attorneys for Starr Indemnity &
   Liability Company
Fraser Trebilcock Davis & Dunlap, P.C.
124 W. Allegan, Suite 1000
Lansing, MI  48933
(517) 482-5800

---

## FIRST AMENDED COMPLAINT

Plaintiff, City of Lansing, by its attorneys, Foster Swift Collins & Smith PC, states its First Amended Complaint against defendant, Starr Indemnity & Liability Company, as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff City of Lansing ("the City") is a municipality located in Ingham County, Michigan.

2. Defendant Starr Indemnity & Liability Company ("Starr") is a Texas insurance company that transacts business in Ingham County, Michigan.

3. This action arises out of events occurring in Ingham County, Michigan.

4. The amount in controversy exceeds Twenty-Five Thousand and 00/100 Dollars ($25,000), exclusive of costs and interest, and this action otherwise also seeks equitable relief.

## FACTUAL ALLEGATIONS

5. On or about July 1, 2012, Starr issued its Special Excess Liability Policy For Public Entities number SISCPEL01822512 to the City ("the Starr policy"). The Starr policy period was July 1, 2012, to July 1, 2013. (A copy of the Starr policy is **Attachment "A"** to this Complaint.) The Starr policy was intended to provide excess liability coverage to the City.

6. On or about November 18, 2013, Deanna Ray ("Ray") filed a class action lawsuit against the City alleging that the City was responsible for flooding along with a sewage disposal system event that damaged the property of Ray and the other class members. This action was assigned Ingham County Circuit Court case number 13-1242-NZ ("the underlying lawsuit"). (A copy of the underlying lawsuit is **Attachment "B"** to this First Amended Complaint.)

7. On or about June 24, 2014, the Ingham County Circuit Court granted class certification to the plaintiffs in the underlying lawsuit.

8. In the underlying lawsuit, Ray alleges that, on June 12-13, 2013, water, sewage, dirt, and other materials flooded and settled in and on the property of Ray and the other class members.

9. In the underlying lawsuit, Ray alleges that, as a result of the City's negligence, the property of Ray and the other class members was flooded with water, dirt and other materials.

10. In the underlying lawsuit, Ray and the other class members seek economic and non-economic damages from the City.

11. The underlying lawsuit purportedly arises from a rainstorm weather event that occurred on or about June 12-13, 2013.

12. The damages sought by Ray and the other class members in the underlying lawsuit exceed one million dollars ($1,000,000).

13. Pursuant to the Starr policy, the City's retained limit is one million dollars ($1,000,000) before the Starr policy's excess coverage is triggered.

14. As a result of the underlying lawsuit brought by Ray and the other class members against the City, the City tendered a request to Starr for liability coverage pursuant to the Starr policy.

15. Starr has denied liability coverage to the City against the underlying lawsuit.

## LEGAL ALLEGATIONS

16. An actual controversy exists between the City and Starr.

17. The Starr policy provides indemnification and defense coverage for the City against the underlying lawsuit brought by Ray and the other class members.

18. Starr has refused to provide liability insurance coverage to the City against the underlying lawsuit brought by Ray and the other class members.

19. At all times pertinent, the City has paid all premiums required to keep the Starr policy in force and effect.

20. A declaration of the rights and liabilities of Starr to provide insurance coverage as a result of the claims made by Ray and the other class members in the underlying lawsuit against the City is necessary.

## REQUESTED RELIEF AND DAMAGES

Plaintiff City of Lansing requests the following relief and damages:

   a. A declaratory judgment against Starr Indemnity & Liability Company requiring Starr to defend the City against the underlying lawsuit brought by Ray and the other class members;

      b.     A declaratory judgment against Starr Indemnity & Liability Company requiring Starr to indemnify the City from any money judgment, settlement, cost, and/or expense accruing or resulting from claims made by Ray and the other class members in the underlying lawsuit;

      c.     A money judgment against Starr Indemnity & Liability Company for all costs, expenses, and actual attorney fees incurred by the City as a result of the commencement of the present action to adjudicate the rights and liabilities of the parties;

      d.     A money judgment against Starr Indemnity & Liability Company reimbursing the City for all costs, expenses, and actual attorney fees incurred by the City in its own defense against the underlying lawsuit brought by Ray and the other class members;

      e.     Any and all applicable types of interest, including interest pursuant to MCL 500.2006; and

      f.     Such other relief as this Court deems just and proper.

      FOSTER SWIFT COLLINS & SMITH PC
      Attorneys for Plaintiff

Date:  July 21, 2016                    By /s/ Mark J. Colon
                                                  Scott L. Mandel (P33453)
                                                  Mark J. Colon (P42001)
                                                  mcolon@fosterswift.com
                                                  313 S. Washington Square
                                                  Lansing, MI  48933-2193
                                                  (517) 371-8185

## CERTIFICATE OF SERVICE

      The undersigned certifies that on this date the foregoing paper was electronically filed with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

                          FOSTER SWIFT COLLINS & SMITH, PC

Date:   July 21, 2016           By  /s/ Mark J. Colon
                                             Mark J. Colon (P42001)
                                             mcolon@fosterswift.com

29056:00154:2740036-1